[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14420
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 25, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20197-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMPERATRIZ  NAVARRO-LENIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2005)

Before BIRCH, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Emperatriz Navarro-Lenis appeals her 46-month sentence, imposed after she pled guilty to importing 100 grams or more of heroin, in violation of 21 U.S.C. §§ 952(a), 960(b).  On appeal, Navarro-Lenis argues that the imposition of her

sentence violated <u>Blakely v. Washington</u>, 542 U.S. 296, ____, 124 S. Ct. 2531, 2534-36, 159 L. Ed. 2d 403 (2004), and <u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005), because she was held responsible for a drug amount higher than that charged in the indictment or agreed to by her and because she was sentenced under a mandatory Guidelines scheme.

Because Navarro preserved her arguments in the district court, our review is <u>de novo</u>, but we will reverse and remand only for harmful error. <u>See</u> <u>United States v. Paz</u>, 405 F.3d 946, 948 (11th Cir. 2005). Preserved constitutional and statutory errors under <u>Booker</u> are reviewed for harmless error. <u>See</u> <u>United States v. Mathenia</u>, 409 F.3d 1289, 1291-93 (11th Cir. 2005). Constitutional error is "harmless" when the government can show beyond a reasonable doubt that the error did not contribute to the defendant's ultimate sentence. <u>Id.</u> at 1291. Statutory error is reviewed under a less demanding test: whether a review of the proceedings, as a whole, shows that the error either did not affect the sentence or had only a slight effect. <u>Id.</u> at 1291-92. The government has the burden of proof under both standards. <u>Id.</u>

Upon thorough review of the record and careful consideration of the parties' brief, we find no constitutional error in the district court's sentencing scheme. However, the government concedes that there was <u>Booker</u> non-constitutional, or

statutory, Booker error and that it cannot meet its burden to establish harmlessness. Accordingly, we vacate and remand Navarro-Lenis's sentence for resentencing consistent with Booker.

In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed. 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. Thereafter, in Blakely, the Court held that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. . . . In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 542 U.S. at ___, 124 S.Ct. at 2537.

Finally, in Booker, the Court found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in Blakely. Booker, 543 U.S. at ___, 125 S.Ct. at 749. The Court, therefore, held that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.

3

Id. at ___,125 S.Ct. at 749-51. In extending its holding in Blakely to the Guidelines, the Court explicitly reaffirmed its rationale in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at ___, 125 S.Ct. at 756.

There are two types of Booker error: (1) constitutional error, which is a violation of the Sixth Amendment and occurs when a district court enhances a defendant's sentence based on judicial fact finding, and (2) statutory error, which takes place when the district court applies the guidelines in a mandatory fashion. United States v. Camacho-Ibarquen, 410 F.3d 1307, 1316 (11th Cir. 2005).

Here, there was no Sixth Amendment violation because, at the plea colloquy hearing, Navarro-Lenis admitted to the facts that were used to reach her offense level of 28. The government's factual proffer, to which Navarro-Lenis agreed, provided that she imported approximately 500 grams of heroin. Indeed, on appeal, she has not disputed the factual accuracy of the representation, to which she agreed below, that the amount of drugs she imported exceeded 500 grams. Accordingly, the district court's base offense level determination was not a Sixth Amendment constitutional error under Booker. Cf. United States v. Shelton, 400 F.3d 1325,

4

1329-30 (11th Cir. 2005) (under plain error review, finding no Sixth Amendment violation under Booker where defendant's sentencing enhancements were based on either prior convictions or facts that were admitted by the defendant).[1]

As for Booker non-constitutional, or statutory, error, we have held that even when there is no Booker constitutional error, there is still a "Booker error . . . when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." Id. at 1330-31. Navarro-Lenis argues the district court erred by sentencing her under the mandatory guidelines. The government concedes that a limited remand is appropriate because it cannot satisfy its burden to establish harmlessness. The government highlights, as support for its agreement to a limited remand, that the district court commented that Navarro-Lenis's ultimately unsuccessful argument for a minor-role reduction was "one of the more compelling argument I have gotten." The government also notes that the district court said, after the foregoing observation about the minor-role reduction, that it was sentencing Navarro-Lenis at the "lowest end of the guidelines range." On this record, the government cannot meet its burden to show that the Booker non-

---

[1] We also find no violation of the Fifth Amendment. In United States v. Cotton, the Supreme Court held that the enhancement of a sentence above the statutory maximum on the basis of a fact not alleged in the indictment violates the Fifth Amendment. 535 U.S. 625, 632, 122 S. Ct 1781, 1785 (2002). Navarro-Lenis's 46-month sentence was well within the 40-year maximum term of imprisonment under 21 U.S.C. § § 952(a), 960(b)(2(A). Because the district court did not sentence this defendant beyond the statutory maximum, it did not commit Fifth Amendment error.

5

constitutional error did not affect, or had a very slight effect on, Navarro-Lenis's sentence. Therefore, we vacate and remand Navarro-Lenis's sentence for resentencing consistent with <u>Booker</u>.

**VACATED AND REMANDED.**